IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Jennifer P. Tice                                                                                              Plaintiff

v.                                   No. 5:13-CV–019-KGB-JTK

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                                 Defendant

### Recommended Disposition

#### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Jennifer P. Tice seeks judicial review of the denial of her application for disability benefits.[3]  Tice last worked as a part-time UPS worker.[4]  She stopped working on May 13, 2009, she says, because of her left knee.[5]  Eleven months after she stopped working, about the time she and her husband separated,[6] she applied for disability benefits.  She based her claim on degenerative changes in the spine.[7]  She claims she has been disabled since she stopped working at age 27.

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined Tice has severe impairments — depression, anxiety, obesity, degenerative disc disease of lumbar spine, hypothyroidism, left sacroiliac joint dysfunction, possible carpal tunnel syndrome, asthma, and osteoarthritis in left knee and hip[8] — but she can do some sedentary work.[9]  Because a vocational expert

---

[3] SSA record at pp. 173 & 180 (alleging disability beginning May 13, 2009).

[4] *Id*. at pp. 42, 220 & 226.

[5] *Id*. at p. 219 (stating in April 2010 that she went out on disability leave because of her knee and is still on disability leave.

[6] *Id*. at p. 239 (stating that ex-husband helps with the bills) & p. 418 (reporting that she recently separated from her husband).

[7] *Id*. at p. 218.

[8] *Id*. at p. 12.

[9] *Id*. at pp. 14-15 (placing numerous limitations on sedentary work).

identified available sedentary work,[10] the ALJ determined Tice is not disabled and denied the application.[11]

After the Appeals Council denied review,[12] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[13] Tice filed this case to challenge the decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Tice's allegations**. Tice challenges the ALJ's decision that she can do some

---

[10]*Id*. at p. 78.

[11]*Id*. at p. 27.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

sedentary work. She says the ALJ didn't consider the combined effect of her impairments. She complains about the ALJ's evaluation of credibility. She suggests the ALJ rejected her treating physician's opinion. She contends medical evidence supports her allegations. For these reasons, she maintains substantial evidence does not support the ALJ's decision.[16]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Tice can do some sedentary work.[17] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[18] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[19]

The ALJ placed many limitations on sedentary work:

    (1) work permitting stretching at assigned workstation for

---

[16]Docket entry # 10 & SSA record at pp. 274-95.

[17]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[18]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[19]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

      two to three minutes at thirty-minute intervals;

      (2) no climbing ladders, ropes, or scaffolds;

      (3) no more than occasional stooping, kneeling, and crouching;

      (4) no working at heights or around vibrating machinery;

      (5) no driving;

      (6) no temperature extremes;

      (7) no overhead lifting;

      (8) occasional overhead reaching;

      (9) work requiring no more than fourth-grade reading and writing, and only occasional writing; and

      (10) incidental interpersonal contact with the public.[20]

The court must determine whether a reasonable mind would accept the evidence as adequate to show Tice can work within the ALJ's parameters.

      **Tice can work within the ALJ's parameters**. A reasonable mind would accept the evidence as adequate because the medical evidence shows no serious functional limitation preventing sedentary work, and because despite the numerous limitations placed on sedentary work, a vocational expert identified available work. When asked

---

     [20]SSA record at pp. 14-15.

why she can't work, Tice identified pain in her back, left hip, and left knee.[21] She stated that she is unable to stand or sit for long periods of time.[22] She said she can't walk to the mailbox without her knee giving out or her ankle twisting; she said she needs to stretch after sitting for 10 minutes.[23] These allegations are not enough to prove Tice is disabled. A determination about a claimant's ability to work must be supported by medical evidence.[24] The medical evidence shows nothing preventing sedentary work.

Back pain.  Tice initially reported that she went out on disability leave because of her left knee, but later testified that her doctor took her off work because of her back, left hip, and left knee.[25] She stated that, according to her neurologist, she has the back of a 56-year-old football player.[26] She said she isn't a candidate for back surgery because she is too young.[27]

In contrast, diagnostic imaging of the back shows minimal degenerative changes,

---

[21]*Id*. at pp. 46 & 62.

[22]*Id*. at p. 45.

[23]*Id*. at p. 56.

[24]42 U.S.C. § 423 (d)(5(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. §§ 404.1508 & 416.908.

[25]SSA record at p. 42.

[26]*Id*. at p. 47.

[27]*Id*. at p. 51.

nothing extraordinary for Tice's age.[28] After reviewing the imaging, the examining neurosurgeon saw no need for surgery.[29] The neurosurgeon recommended a sacroiliac joint injection and physical therapy,[30] essentially the same treatment recommended by a pain specialist.[31] This evidence is probative of Tice's claim, because the imaging was done shortly before Tice stopped working, and because the neurosurgeon's recommendation contradicts Tice's testimony. The medical evidence shows nothing preventing sedentary work.

<u>Knee pain</u>. The medical evidence about knee pain shows nothing preventing sedentary work. Although she initially reported that she stopped working due to knee problems,[32] and later testified that her pain specialist restricted her from working,[33] the record doesn't corroborate Tice's reports. Four weeks before she stopped working, the pain specialist administered an injection to the left knee and cautioned Tice about over-

---

[28]*Id*. at p. 321. *See id*. at p. 63 (testifying medical expert characterized degenerative changes as mild).

[29]*Id*. at p. 473 ("I do not see any need for surgical intervention.").

[30]*Id*. ("We will schedule an SI joint injection and put her in formal physical therapy.").

[31]*Id*. at pp. 312-13. The pain specialist administered periodic injections for back pain and prescribed pain medication. There is no evidence Tice underwent physical therapy.

[32]*Id*. at p. 219.

[33]*Id*. at p. 42.

use,[34] but the record includes no contemporaneous work restriction.

The record includes a later work restriction — an August 2010 work status report in which the pain specialist stated that Tice can no longer work. The work status report doesn't corroborate Tice's allegations because the pain specialist completed the report 14 months after Tice stopped working.[35] The report, however, suggests Tice was on medical leave from UPS. If the suggestion is true, there were likely other work status reports, to include an explanation about why Tice wasn't working, but none of that is in the record. What is in the record is diagnostic imaging showing normal knees.[36] The imaging shows no reason for pain, but injections to the left knee support complaints of periodic left-knee pain.[37] Knee pain does not prevent sedentary work.

Obesity. During the pendency of her application, Tice's weight and height placed her as obese. Obesity likely aggravates Tice's back and left knee pain, "but the mere fact that working may cause pain or discomfort does not mandate a finding of disability."[38] Tice tried to lose weight using medication,[39] but medication alone failed;

---

[34]*Id*. at pp. 310 & 317.

[35]*Id*. at p. 414.

[36]*Id*. at p. 412.

[37]*Id*. at pp. 315-17 & 409-10.

[38]*Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

[39]SSA record at pp. 324, 343, 357, 371-73 & 375.

she lost weight and reduced her pain when she dieted and exercised.[40]  Her primary care physician's recommendations for exercise[41] contradict her claim that she cannot walk or stand.[42]  The weight loss occurred outside the time period for which benefits were denied,[43] but it shows Tice's pain can be controlled with treatment.  "An impairment which can be controlled by treatment or medication is not considered disabling."[44]  To the extent obesity contributes to pain, the reduction to sedentary work responds to the combined effect of obesity and pain.

<u>Medical opinion evidence</u>.  Tice suggests the ALJ gave insufficient weight to her pain specialist's opinion, but the ALJ implicitly adopted the opinion.  According to the pain specialist, frequent lifting of more than 10 to 20 pounds aggravates Tice's pain.[45]  Implicit in that opinion is the ability to lift/carry 10 pounds — the capacity needed for sedentary work.  The reviewing medical experts also opined that Tice can lift/carry 10

---

[40]*Id*. at p. 476.

[41]*Id*. at pp. 331, 343, 371 & 373.

[42]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (medical recommendations to increase physical exercise are inconsistent with claim of physical disability).

[43]*Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) (evidence is material if it relates to claimant's condition for the time period for which benefits were denied).

[44]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[45]SSA record at p. 428.

pounds.[46] The pain specialist reported the need for frequent breaks between sitting to standing. The ALJ adopted the limitation.

The testifying medical expert saw no basis for reducing lifting capacity to 10 pounds, but felt possible degenerative changes in the left knee supported a reduction in standing and walking — two to four hours per day.[47] The reviewing medical experts opined that Tice can stand or walk at least two hours per day. The medical opinion evidence supports the ALJ's decision because sedentary work requires little standing or walking.

A reasonable mind would accept the evidence as adequate to show Tice can work within the ALJ's physical parameters because the medical opinion evidence is consistent about the ability to lift 10 pounds and because the ALJ reduced sedentary work to accommodate reported limitations.[48] To the extent Tice relies on the letter stating that she is totally disabled,[49] the pain specialist wrote the letter outside the time

---

[46]*Id.* at pp. 384-91 & 417.

[47]*Id.* at p. 70.

[48]The ALJ restricted Tice from working in temperature extremes, due to asthma, even though Tice smokes; smoking aggravates asthmatic symptoms. The ALJ limited the need for writing because Tice testified that she can't write a Christmas card greeting because her hands get nervous and shaky. *Id.* at p. 59. The ALJ required incidental contact with the public due to irritability. According to psychological examiner, Tice can cope with the mental demands of work. *Id.* at p. 420. Tice doesn't challenge the ALJ's mental limitations.

[49]*Id.* at p. 484.

period for which benefits were denied and contradicted the earlier letter.

<u>Vocational evidence</u>. The ALJ asked a vocational expert about available sedentary work.[50] The vocational expert identified table worker in manufacturing fabricated products, toy stuffer, and jewelry repairer.[51] The vocational expert's response shows work exists that Tice can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[52] Because such work exists, Tice is not disabled under social security law. A reasonable mind would accept the evidence as adequate to support the ALJ's decision, because the medical evidence shows no serious functional limitation preventing sedentary work and because the vocational expert identified available work despite numerous limitations reducing sedentary work,.

## Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Tice's request for relief (docket entry # 2) and AFFIRMING the Commissioner's

---

[50]*Id*. at pp. 75-77.

[51]*Id*. at p. 78.

[52]42 U.S.C. § 1382c(a)(3)(B) (defining "disability" under social security law).

decision.

    Dated this 16th day of October 2014.

                                                                      _____
                                                                        United States Magistrate Judge